LOGAN v. COLUMBIA CANNING CO.

(First Division. Juneau. October 28, 1905.)

No. 291a.

1. JUDGMENT—MODIFICATION—VACATION.

After a motion for a new trial was denied, the defendant filed a motion to vacate, set aside, or modify the judgment for error. *Held*, the court had jurisdiction to consider the motion and vacate or modify the judgment.

2. JUDGES—VACATION OF JUDGMENT BY NEW JUDGE.

Motion for a new trial was denied and judgment entered. Thereafter the trial judge was succeeded on the bench by another judge. A motion was made before the new judge to va-

cate or modify the former judgment for error. *Held*, the successor had jurisdiction to vacate or modify the judgment.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Judges, §§ 158–163.]

Motion by Defendant to Vacate Judgment.

Crews & Hills and J. A. Hellenthal, for plaintiff.

Robert W. Jennings and T. A. Marquam, for defendant.

GUNNISON, District Judge. This is a motion by defendant to vacate, annul, and set aside the judgment made and entered in this case at the December, 1904, term of this court held at Juneau. The motion was filed on January 7, 1905, during the same term at which the judgment was rendered. Some 30 days after the entry thereof, prior to the filing of this motion, and within the time prescribed by the statute, to wit, within 3 days after the entry of the judgment, defendant made a motion for a new trial before the court, which motion was denied. After the motion for a new trial was denied and before this motion to vacate was filed, a change in the personnel of the court occurred. This motion contained two parts—the first to vacate, annul, and set aside the judgment heretofore rendered in the case, and to make and enter judgment in favor of the defendant, for the reason that said judgment is erroneous, and that said judgment is not supported by the facts as found by the court, and because said facts so found show that defendant, and not plaintiff, is entitled to the judgment in his favor. If the said first part of this motion is disallowed, the defendant moves, second, that said judgment heretofore made and entered herein be modified by deducting therefrom the sum of $310, in accordance with the conclusions of law made and filed herein June 9, 1905, or by deducting such sum greater than $100 as the court may deem just and proper.

Plaintiffs on the hearing of the motion contended that, inasmuch as the personnel of the court had changed, and that

a motion for a new trial had been made and denied by the court, the former judge presiding, that defendants were not entitled to the relief demanded; and the court, without hearing argument on the merits, took the motion under advisement so far as the question as to its power to grant the relief desired. After a careful examination of the authorities, the court has arrived at the conclusion that the change in the personnel of the court in no way affects the power of the court to grant the relief prayed. The court has full control over its orders and judgments during the term at which they were made, and the fact that there has been a change in the presiding judge of the court in no way affects it. The court is the same no matter how many different judges preside during the term. 15 Ency. P. & P. 205.

Counsel for the plaintiff also contends that, inasmuch as the Code of Civil Procedure, at section 93, provides for "the relief of a party from a judgment or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," then for no other cause may the judgment be vacated or modified. The general proposition of law cited above seems to the court to be too well founded to need any further discussion. The section of the Code cited by counsel seems to the court only to enlarge the power, rather than to curtail it. If any provision in the Code were to be construed as taking away that power, it would be the second paragraph of section 256, which is as follows:

"When within the time allowed to file a motion for a new trial either party shall file a motion for a particular judgment or for a judgment notwithstanding the verdict or decision, the entry of the judgment shall be thereby delayed until the motion is disposed of."

This might be deemed to indicate that defendant had mistaken its remedy, and that the motion for the relief, as prayed herein, must be made within the time fixed for the filing of the motion for a new trial. But this does not, I apprehend,

abrogate the rule of law above so as to deprive the court of its control over the judgments made during the term, and for that reason the court will hear the motion on the merits. This must in no way be construed as granting the motion, but merely the determination that the court has power to grant it if the necessity of, and the propriety for, such action is established.